UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE HARLEY-DAVIDSON, INC.  ) | |
| SECURITIES LITIGATION  ) | 05-C-00547-CNC |
|  ) | |
| This Document Relates To: All Actions.  ) | |
|  ) | |

## JOINT CASE MANAGEMENT ORDER

WHEREAS, ten actions against Harley-Davidson, Inc. ("H-D") and other H-D related parties (the "H-D Defendants") involving allegations relating to H-D's reported financial results (the "H-D Actions") have been commenced in this Court or have been transferred to this Court;

WHEREAS, six of the H-D Actions, *Kadagian v. Harley-Davidson, Inc. et al.*, 05-C-00547-CNC, *Villar v. Harley-Davidson, Inc., et al.*, 05-C-00554-CNC, *Himes v. Harley-Davidson, Inc. et al.*, 05-C-00579-LA, *Katz v. Harley-Davidson, Inc., et al.*, 05-C-00609-CNC, *Ziolkowski v. Harley-Davidson, Inc. et al.,* 05-C-00629-CNC and *Bourret v. Harley-Davidson, Inc. et al.,* 05-C-00696-CNC assert federal securities claims on behalf of shareholders of H-D (as consolidated, the "Federal Securities Action");

WHEREAS, three of the H-D Actions, *Ray v. Zeimer et al.,* 2:05-C-01123-CNC (the *"Ray* Derivative Action"), *Cruse v. Zeimer, et al.,* 05-C-01251-CNC (the *"Cruse* Derivative Action"), and *Borgen v. Bleustein, et al.,* 05-C-00607-LA (the "*Borgen* Derivative Action"), assert claims derivatively on behalf of H-D (the "Derivative Actions"); the *Ray* and *Cruse* Derivative Actions are still pending but the *Borgen* Derivative Action has been voluntarily dismissed without prejudice;

WHEREAS, one of the H-D Actions, *Bosman v. Harley-Davidson, Inc., et al.,* 2:05-C-00912-CNC, asserts claims under the Employee Retirement Income Security Act ("ERISA" and the "ERISA Action");

WHEREAS, on November 16, 2005, a hearing was held at which time the Court entered an order staying the Derivative Actions;

WHEREAS, on December 30, 2005, the Court entered an order granting in part and denying in part the ERISA Action defendants' motion to stay proceedings in the ERISA Action (the "December 30, 2005 Order");

WHEREAS, on February 14, 2006, in an Order Consolidating the Related Actions, Appointing Lead Plaintiff and Lead Plaintiffs Selection of Lead and Liaison Counsel ("the February 14, 2006 Order"), the Court consolidated the Federal Securities Action and appointed Deka International S.A. Luxembourg, Construction Laborers Pension Trust of Greater St. Louis, the Iron Workers Local No. 25 Pension Fund, and the City of Sterling Heights Police & Fire Retirement System as Lead Plaintiffs in the Federal Securities Action ("Federal Securities Lead Plaintiffs") and approved the Federal Securities Lead Plaintiffs' selection of counsel as Co-Lead and Liaison Counsel;

WHEREAS, on February 15, 2006, in an Order Consolidating Cases for Administrative Purposes (the "February 15, 2006 Order"), the Court consolidated the ERISA Action and the *Ray* Derivative Action with the Federal Securities Action for administrative purposes pursuant to Fed. R. Civ. P. 42(a); and

WHEREAS, on February 15, 2006, pursuant to an Order Denying Motion to Appoint Lead Counsel and Lead Plaintiff, dated February 15, 2006, the Court denied a motion filed by Derivative Plaintiff Scott Ray for appointment of Lead Plaintiff and Lead Counsel in the Derivative Actions on the ground that the *Borgen* Derivative Action had been voluntarily dismissed without prejudice.

NOW, THEREFORE, to further promote judicial economy and avoid duplication consistent with the Orders entered herein to date, it is hereby ORDERED that the H-D Actions are to be coordinated for purposes of discovery and pre-trial proceedings, as follows:

## I. THE FEDERAL SECURITIES ACTION

### A. Coordination of Discovery and Pre-Trial Proceedings.

1. All discovery and pre-trial proceedings in the Federal Securities Action shall be coordinated with the discovery and pretrial proceedings in the Derivative Actions and the Consolidated ERISA Action (as defined in paragraph III(A)(2) below), in accordance with and subject to the Court's Orders of November 16, 2005, December 30, 2005 and February 15, 2006.

2. Service on counsel for the Federal Securities Lead Plaintiffs is service on all plaintiffs in the Federal Securities Action.

### B. Consolidated Complaint

1. Federal Securities Lead Plaintiffs shall file an amended consolidated complaint in the Federal Securities Action within 60 days of the date of entry of this Order.

2. Defendants in the Federal Securities Action shall answer or otherwise respond to the amended consolidated complaint within 75 days of the date of service of the consolidated complaint.

3. Any brief in opposition to a motion to dismiss the amended consolidated complaint shall be served within 60 days of service of such motion. Reply briefs shall be served within 45 days of the date of service of such opposition brief.

## II. DERIVATIVE ACTIONS

### A. Consolidation of Cases

1. The Derivative Actions consist of the following cases:

    (i) *Ray v. Zeimer, et al.,* 2:05-C-01123-CNC; and

    (ii) *Cruse v. Zeimer, et al.,* 2:05-C-01251-CNC.

2. In light of the multiple Derivative Actions pending, consolidation of those cases under Fed. R. Civ. P. 42 is now appropriate. A submission seeking the consolidation of, and the appointment of lead plaintiff in, the Derivative Actions shall be filed within 30 days of the date of this Order.

### B. Coordination with the Other H-D Actions

1. All further proceedings in the Derivative Actions are stayed in accordance with the Court's Order of November 16, 2005.

2. All discovery and pre-trial proceedings in the Derivative Actions shall be coordinated with the Federal Securities Action and the Consolidated ERISA Action (as defined in paragraph III(A)(2) below) in accordance with and subject to the Court's Orders of November 16, 2005, December 30, 2005, and February 15, 2006.

## III. THE ERISA ACTION

### A. Consolidation of Cases

1. The ERISA Action consists of *Bosman v. Harley-Davidson, Inc. et al.,* 2: 05-C-00912-CNC.

2. Each ERISA case that relates to the same subject matter that is subsequently filed in this Court or transferred to this Court shall be consolidated with the ERISA Action (the "Consolidated ERISA Action").

3. Every paper filed that relates solely to the Consolidated ERISA Action shall provide in such paper's caption "This Document Relates to: No. 2:05-C-00912 (Bosman)". When a paper is intended to apply only to some, but not all, of the consolidated ERISA actions, this Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:".

### B. Amended Complaint

1. Any amended consolidated complaint in the Consolidated ERISA Action must be filed within 60 days of the date of entry of this Order.

2. Defendants in the Consolidated ERISA Action shall answer or otherwise respond to the amended complaint within 75 days of the date of service of the amended complaint or, if no amended complaint is filed, within 75 days of date of service of the consolidated complaint in the Federal Securities Action.

3. Any brief in opposition to a motion to dismiss the amended complaint (or the original complaint if no amended complaint is filed) shall be served within 60 days of service of such motion. Reply briefs shall be served within 45 days of the date of service of such opposition brief.

### C. Coordination with the Other H-D Actions

1. All discovery and pre-trial proceedings in the Consolidated ERISA Action shall be coordinated with the discovery and pre-trial proceedings in the Federal Securities Action and the Derivative Actions in accordance with and subject to the Court's Orders of November 16, 2005, December 30, 2005 Order, and February 15, 2006.

2. Service on counsel for plaintiff in the Consolidated ERISA Action is service on all plaintiffs in the Consolidated ERISA Action.

3. Except as set forth in Section III.B above, all further proceedings in the Consolidated ERISA Action are stayed, subject to the exceptions set forth in the Court's Order of November 16, 2005 and also subject to the December 30, 2005 Order. Nothing herein shall modify, alter, amend, or withdraw the December 30, 2005 Order.

SO ORDERED THIS 24th day oJuly, 2006:

      s/ C. N. CLEVERT, JR.
      The Honorable Charles N. Clevert
      United States District Judge

(CONTINUED ON NEXT PAGE)

Agreed to by:

                            HALE & WAGNER, S.C.

                          By: **/s/Jacques C. Condon**
                             Jacques C. Condon
                    205 East Wisconsin Avenue, Suite 300
                    Milwaukee, WI 53202
                        Telephone: (414) 278-7000
                        Facsimile: (414) 278-7590

Liaison Counsel to the Federal Securities
Lead Plaintiffs

MURRAY, FRANK & SAILER LLP
     Jacqueline Sailer
     275 Madison Avenue, Suite 801
     New York, NY 10016
     Telephone: (212) 682-1818
     Facsimile: (212) 682-1892

LERACH COUGHLIN STOIA
  GELLER RUDMAN &
  ROBBINS LLP
  Jack Reise
  197 South Federal Highway
  Suite 200
  Boca Raton, FL 33432
  Telephone: (561) 750-3000
  Facsimile: (561) 750-3364

Lead Counsel to the Federal Securities
Lead Plaintiffs

7

JACQUART & LOWE, S.C.

By: **/s/David P. Lowe**
David P. Lowe
241 N. Broadway, Suite 202
Milwaukee, WI 53202
Telephone: (414) 271-8828
Facsimile: (414) 272-8299

ROBBINS UMEDA & FINK, LLP
Jeffrey P. Fink
610 West Ash Street
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Counsel to Derivative Plaintiff Ray

JACQUART & LOWE, S.C.

By: **/s/David P. Lowe**
David P. Lowe
241 N. Broadway, Suite 202
Milwaukee, WI 53202
Telephone: (414) 271-8828
Facsimile: (414) 272-8299

Russell M. Spence, Jr.
Spence Law Office, PLC
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 375-1555
Facsimile: (612) 375-1511

Counsel to Derivative Plaintiff Cruse

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: **/s/Mark C. Rifkin**
    Mark C. Rifkin
    270 Madison Avenue
    New York, NY 10016
    Telephone: (212) 545-4600
    Facsimile: (212) 545-4653

Counsel to ERISA Plaintiff Bosman

FOLEY & LARDNER LLP

By: **/s/Rebecca E. Wickhem**
    Nancy J. Sennett
    Rebecca E. Wickhem
    777 East Wisconsin Avenue
    Milwaukee, WI 53202
    Telephone: (414) 271-2400
    Facsimile: (414) 297-4900

Counsel to Harley-Davidson, Inc. and all Individual Defendants in all Actions

MORGAN, LEWIS, BOCKIUS, LLP

By: **/s/Sari M. Alamuddin**
    Charles C. Jackson
    Sari M. Alamuddin
    77 W. Wacker Drive, Sixth Floor
    Chicago, IL 60601
    Telephone: (312) 324-1000
    Facsimile: (312) 324-1001

Counsel to Harley-Davidson, Inc. and all Individual Defendants in the ERISA Actions

9

Case 2:05-cv-00547-CNC   Filed 07/24/06   Page 9 of 9   Document 46